**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>   v.<br><br><br>RUDY ESPUDO (1);<br>MIGUEL GRADO (4).<br><br>                       Defendants. | CASE NO. 12cr236-GPC<br>Related Case No. 16cv1433-GPC<br>                       16cv0738-GPC<br><br>**ORDER DENYING PETITIONERS' MOTIONS TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND GRANTING CERTIFICATE OF APPEALABILITY** |

     Petitioners Rudy Espudo ("Espudo") and Miguel Grado ("Grado") (collectively "Petitioners"), proceeding with counsel, filed motions to vacate, set aside, or correct their sentence pursuant to 28 U.S.C § 2255. (Dkt. Nos. 1970, 1971.) Respondent filed an omnibus response to the petitions.[1] (Dkt. No. 2016). Petitioners filed their replies. (Dkt. Nos. 2019, 2020.) A hearing was held on January 30, 2017. (Dkt. No. 2042.) At the hearing, the Court requested supplemental briefing on certain issues. (Id.) On February 13, 2017, Respondent filed a supplemental brief and on February 20, 2017, Petitioners filed a supplemental response. (Dkt. Nos. 2044, 2047, 2048.) Based on the

---

[1] The government's response also included an opposition to motions to vacate, set aside, or correct sentence filed by Julio Solorzano, Jose Cornejo, and Jeremiah Figueroa. (Dkt. No. 2016.)

- 1 -             [12CR236]

reasoning below, the Court DENIES Petitioners' motions to vacate, set aside or correct their sentence.

**Background**

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in the Mexican Mafia in the North San Diego County area. (Dkt. No. 1.) A Superseding Indictment was returned on August 2, 2012 as to counts charged against Petitioners Espudo and Grado. (Dkt. No. 627.)

**A.   Miguel Grado**

On April 30, 2013, Grado pleaded guilty, without a plea agreement, to four counts in the Superseding Indictment: Count 1 for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d); Count 2 for Conspiracy to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846; Count 8 for Aiding and Abetting Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and Count 11 for Aiding and Abetting Discharge of a Firearm in Relation to a Crime of Violence and a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. (Dkt. Nos. 627; 1024; 1680.) Count 11 of the Superseding Indictment concerning the violation of § 924(c)(1)(A) charged,

> Count 11
> Discharge of a Firearm in Relation to
> a Crime of Violence and a Drug-Trafficking Crime
>
> On or about October 15, 2011, within the Southern District of California, defendants MIGUEL GRADO . . . did knowingly and intentionally discharge a firearm during and in relation to a crime of violence and a drug-trafficking crime, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraphs a, c and e, of Count 1; and the conspiracy to distribute Schedule II Controlled Substances alleged in Count 2 of this Superseding Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A), and 2 and Pinkerton v. United States, 328 U.S. 640 (2946).

(Dkt. No. 627 at 83-84.[2])

The Presentence Investigation Report ("PSR") calculated a United States Sentencing Guidelines ("USSG") range of 235 to 293 months for Counts 1, 2 and 8 and a mandatory consecutive term of 10 years for Count 11. (Dkt. No. 1342 at 22, 24.) In the PSR, Count 11 was listed as "18 U.S.C §§ 924(c)(1)(A), and 2, Discharge of a Firearm in Relation to a Drug-Trafficking Offense, a Class C felony." (Id. at 1.)

At the change of plea hearing, references were made that Count 11 was based on a crime of violence and a drug trafficking crime under § 924(c), and Grado understood the maximum penalties he would face for this count. (Dkt. No. 1680.)

On October 21, 2013, the sentencing judge sentenced Grado to 175 months in custody for Counts 1, 2, and 8 to run concurrently and 120 months custody as to Count 11 to run consecutive to Counts 1, 2 and 8 for a total of 295 months. (Dkt. Nos. 1538, 1585.) Grado did not appeal his sentence or conviction. In the Judgment, Count 11 was presented as "Discharge of a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime." Id.

**B.    Rudy Espudo**

On May 23, 2013, Espudo pled guilty, without a plea agreement, to three counts of the Superseding Indictment: Count 1 for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d); Count 2 for Conspiracy to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846; and Count 12 for Brandishing of a Firearm in Relation to a Crime of Violence and a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2. (Dkt. Nos. 627; 1971, Pet., Ex. B at 114.) Count 12 of the Superseding Indictment charged,

<u>Count 12</u>
<u>Brandishing of a Firearm in Relation to</u>
<u>a Crime of Violence and a Drug-Trafficking Crime</u>

On or about November 16, 2011, within the Southern District of

---

[2]Page numbers are based on the CM/ECF pagination unless otherwise noted.

California, defendant RUDY ESPUDO did knowingly and intentionally brandish a firearm during and in relation to a crime of violence and a drug-trafficking crime, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraphs c, d and e, of Count 1; and the conspiracy to distribute Schedule II Controlled Substances alleged in Count 2 of this Superseding Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A), and 2 and Pinkerton v. United States, 328 U.S. 640 (1946).

(Dkt. No. 627 at 84.)

At the change of plea hearing, it was clarified that Espuda aided and abetted the brandishing of a firearm since he was not present at the scene. (Dkt. No. 1090, Espudo Change of Plea Hearing at 8[3].) As to Count 12, Espudo agreed to the maximum sentence to be imposed agreeing that the government would have to prove that he knowingly engaged in a RICO conspiracy which is a crime of violence and he "knowingly aided and abetted another individual in brandishing a firearm as part of the commission of a racketeering conspiracy involving extortion, robbery and distribution of controlled substances" which is a "crime of violence and drug-trafficking crime, as well as conspiracy to distribute controlled substance, a controlled substance, a drug-trafficking crime in violation of 21 U.S.C. section 841, 846." (Id. at 31-32.)

As to Counts 1 and 2, the PSR calculated a USSG range of 376 to 449 months with a mandatory consecutive term of 7 years for Count 12. (Dkt. No. 1513 at 35.) The PSR listed Count 12 as "Ct. 12:18 U.S.C § 924(c)(1)(A)(ii), and 2 and Pinkerton v. United States, 328 U.S. 640 (1946), Brandishing a Firearm in Relation to a Crime of Violence and a Drug-Trafficking Crime." (Id. at 1.) At the sentencing hearing, the Court imposed 336 months custody for Counts 1 and 2 and seven years custody for § 924(c) to run consecutively. (Dkt. Nos. 1579, 1597.) According to the Judgment, Count 12 was listed as "Brandishing a Firearm During and in Relation to a Drug-Trafficking Crime." (Dkt. No. 1597 at 1.) Espudo appealed his sentence but he

---

[3]Page numbers to the change of plea hearings are based on the plea hearing transcript pagination.

subsequently filed a motion voluntarily dismissing his appeal which was granted on December 9, 2014.

## Discussion

**A.     Legal Standard on 28 U.S.C. § 2255**

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In their motions, Petitioners challenge the mandatory enhanced sentenced they received pursuant to 18 U.S.C. § 924(c) because RICO conspiracy is no longer a "crime of violence" under the residual clause based on the United States Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015), where the Court held that a similar residual clause of the Armed Career Criminal Act of 1984 ("ACCA") is void for vagueness.

**B.     Johnson v. United States Ruling**

In Johnson v. United States, the United States Supreme Court held that imposing an increased sentence under the residual clause of the ACCA for "any crime punishable by imprisonment for a term exceeding one year . . . that – (ii) otherwise involves conduct that presents a serious potential risk of physical injury to another", 18 U.S.C. § 924(e)(2)(B)(ii), violates the constitutional right to due process. Johnson, 135 S. Ct. at 2555. The ACCA "imposes a special mandatory fifteen year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions

for committing certain drug crimes or 'violent felon[ies].'" Begay v. United States, 128 S.Ct. 1581, 1583 (2008). The ACCA defines a "violent felony" as follows:

>  any crime punishable by imprisonment for a term exceeding one year . . . that-
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[4], or
> (ii) is burglary, arson, or extortion, involves use of explosives,[5] or otherwise involves conduct that presents a serious potential risk of physical injury to another.[6]

18 U.S.C. § 924(e)(2)(B).

In Johnson, the Court held the ACCA's residual clause is void for vagueness and "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." Id. at 2557. The Court expressly stated the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses. Id. Moreover, it rejected the government and dissent's position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to place these provisions in constitutional doubt" by responding, "[n]ot at all." Id. at 2561.

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a

---

[4]This section is referred to as the "elements" or "force" clause.

[5]This section is referred to as the "enumerated offenses clause." See Johnson, 135 S. Ct. at 2559, 2563.

[6] This section has become known as the "residual clause." Id. at 2556.

"crime of violence or drug trafficking crime." See 18 U.S.C. § 924(c).[7] Section 924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[8] A defendant may be subject to a sentencing enhancement under § 924(c) if he or she is convicted of either a "crime of violence or drug trafficking crime." See 18 U.S.C. § 924(c).

Petitioners argue that under Johnson, RICO conspiracy is no longer a "crime of violence" under 18 U.S.C. § 924(c) because the definition of "crime of violence" under the residual clause of the ACCA, now declared unconstitutional, contains similar

---

[7] Section 924(c)(1)(A) provides,

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[8] Courts have referred to subsection (A) as the "elements" or "force" clause and subsection (B) as the "residual clause." United States v. Abdul-Samad, No. 10-CR-2792 WQH, 2016 WL 5118456, at *3 (S.D. Cal. Sept. 21, 2016).

1  language to the "crime of violence" definition under § 924(c). They further argue that
2  RICO conspiracy is also not a "crime of violence" under the force clause. Since RICO
3  conspiracy is not a crime of violence under the force clause and the residual clause,
4  their mandatory enhanced sentences should be corrected. Respondent contends that
5  despite Petitioners' Johnson argument, Espudo and Grado would nevertheless be
6  subject to the provisions of § 924(c) because they also committed drug trafficking
7  crimes. In their replies, Espudo and Grado argue that the record is not clear whether
8  their § 924(c) convictions rested on acts involving a crime of violence or acts involving
9  drug trafficking and it could be argued the § 924(c) convicted rested solely on a crime
10 of violence.[9] (Dkt. Nos. 2019 at 8; Dkt. No. 2020 at 8.)

**C.  Grado**

Grado pleaded guilty to Count 1 of the Superseding Indictment for RICO conspiracy, and Counts 2 and 8 for drug trafficking crimes under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846. (Dkt. No. 627, Superseding Indictment at 2, 80, 82). Count 11, concerning the firearm enhancement, charged Grado with aiding and abetting the discharge of a firearm in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Id. at 83-84.) The judgment entered lists that as to Count 11, the nature of the offense was "Discharge of a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime." (Dkt. No. 1585.) The PSR lists count 11 as based solely on drug-trafficking offense. (Dkt. No. 1342 at 1, 24.) These court documents demonstrate that Grado was convicted of Count 11 in which the underlying offenses were a crime of violence and a drug trafficking crime.

Grado points to the plea colloquy to argue that his conviction rested solely on a crime of violence and not the drug trafficking charges by selectively presenting two

---

[9]Petitioners further argue the RICO conspiracy statute is indivisible and the categorical approach applies to determine whether a conviction is a crime of violence. However, the Court need not address this issue because the record demonstrates that Espudo and Grado were also convicted under 28 U.S.C. § 924(c) for drug trafficking crimes.

specific references that the § 924(c) count concerned a crime of violence. (Dkt. No. 2020, Grado's Reply at 8.) However, when the plea colloquy is read in context, Grado understood that his conviction under § 924(c) was based both on the underlying RICO conspiracy and drug trafficking charges.

At the start of the plea hearing, the magistrate judge was in discussion with both counsel to determine the guilty plea counts and in that informal discussion, the prosecution asserted "so all told, your honor, it's the government's understanding that Mr. Grado today is going to plead to count 1, the RICO; count 2, conspiracy to distribute methamphetamine; count 8, distribution of methamphetamine; and count 11, discharge of a firearm in relation to a crime of violence." (Dkt. No. 1680, Grado's Change of Plea Hearing at 4.) Grado points to the prosecution's statement that count 11 relates to a crime of violence and not a drug trafficking crime; however, at this point of the hearing, Grado had not yet been sworn in and was not asked whether he understood those to be the guilty plea counts. (Id.)

Once Grado was sworn in, the court directed defense counsel to go through the elements of each count on the record while the court informed Grado as to the maximum penalties for each count and whether Grado understood the nature of the elements of each count. (Id. at 6-9.) At Count 11, the Court guided the colloquy and stated,

> The Court: . . . And, finally, count 11 charges you with discharge of a firearm in relationship to a crime of violence. The nature of that offense, Ms. Diiorio, could you explain it to Mr. – to the Court and to Mr. Grado.
>
> Defense Counsel: That Mr. Grado knowingly engaged in violation of 18 U.S.C. 1962(d); that violation is a crime [of] violence under section 18, USC 924(c); and that Mr. Grado knowingly discharged a handgun at another individual, or aided and abetted another individual in doing so as part of the commission of a racketeering conspiracy involving the offenses of attempted murder, robbery or distribution of controlled substance, all of which are a violation of 18 United States Code, section 1962(d), crime of violence and a drug-trafficking crime.
>
> The Court: All right. Do you understand the nature of count 11, sir?
>
> Grado: Yes.

(Id. at 9-10.) While the court stated that Count 11 related to a crime of violence, defense counsel clarified the elements of Count 11 to include a drug-trafficking crime. When read in context, the § 924(c) predicate offenses, as presented by defense counsel, included both a crime of violence and a drug-trafficking crime and Grado assented to his counsel's recitation of the elements of the charge for Count 11. (Id.) The Court concludes that notwithstanding Johnson, because Grado was convicted of § 924(c) based on a drug-trafficking crime, he would necessarily have been subject to the mandatory enhanced sentence under § 924(c).

**D.    Espudo**

Espudo pleaded guilty to Count 1 of the Superseding Indictment for RICO conspiracy, Count 2 for drug trafficking crimes under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846, and Count 12 for brandishing a firearm in relation to a crime of violence and a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Dkt. No. 627, Superseding Indictment at 2, 80, 84.) The judgment entered lists count 12 as "Brandishing a Firearm During and in Relation to a Drug-Trafficking Crime." (Dkt. No. 1597 at 1.) The PSR presents count 12 as being based on a crime of violence and a drug-trafficking offense. (Dkt. No. 1513 at 1.) These court documents reveal that Espudo was convicted under § 924(c) based on the underlying offense of a crime of violence and a drug trafficking crime.

Espudo challenges his alleged conviction of § 924(c) as based on a drug trafficking crime by arguing that at the plea hearing, a reasonable defendant would believe that the § 924(c) count rested entirely on the RICO conspiracy and not a drug trafficking crime. Espudo argues that the plea colloquy does not show that his § 924(c) conviction rested on a drug trafficking offense and points to certain portions of the plea colloquy where the Court and the prosecution only referenced RICO conspiracy when it addressed the charge of discharge of a firearm.

At the plea colloquy, Espudo agreed to withdraw his plea of not guilty to Counts 1, 2, and 12 described by the deputy clerk as "conspiracy to conduct enterprise affairs

through a pattern of racketeering activity", "conspiracy to distribute methamphetamine and cocaine" and "brandishing a firearm during and in relation to a crime of violence and a drug-trafficking crime." (Dkt. No. 1090, Plea Colloquy at 3-4.) As to these charges, he pleaded "guilty." (Id. at 4.) Then the Court stated,

> Court: I need to make sure that you have gone over Counts One, Two, and 12 with your attorney.
>
> Espudo: Yes, I have, Ma'am.
>
> Court: And you understand Count One is the RICO count, the racketeering count.
>
> Espudo: Yes.
>
> Court: Count Two is the conspiracy to distribute controlled substances.
>
> Espudo: Yes.
>
> Court: And Count Three is a charge of discharging a firearm in relation to a **crime of violence**, that is, engaging in a criminal racketeering conspiracy. Is that correct?
>
> Government: Excuse me. My apologies for the mistake. It's brandishing, Your Honor.
>
> Court: Oh, it's brandishing.
>
> Government: I had typed discharged – I apologize – in the caption.
>
> Court: Okay . . . So it's **brandishing a firearm in relation to a crime of violence**.
>
> Espudo: (Pause)
>
> Defense Counsel: Yes.
>
> Court: Okay. Are you sure you know what that charge alleges?
>
> Espudo: Yes.
>
> Defense Counsel: Yes. Judge, it's a brandishing based upon a reasonable foreseeability of a robbery which he directed, which I think there's a factual basis. It's just the actual – he wasn't actually present, which is probably the cause of his reservation. . . .
>
> Court: It says, Mr. Espudo, that on or about November 16th, 2012 [sic], in the Southern District of California, that you did knowingly and intentionally brandish a firearm during and **in relation to a crime of violence, that is, a drug-trafficking crime, that is, the racketeering conspiracy alleged in count one of the superseding indictment in that said racketeering conspiracy involved the commission of the offenses specified in count one and the conspiracy to distribute**

- 11 - [12CR236]

**controlled substances.**

Do you understand that that's the charge that you're pleading guilty to in count 12?

Espudo: Okay, so the way it reads is that I personally was present and brandished it or that I'm pleading, I'm pleading guilty foreseeable.

Court: I think the actual basis is that you did aid and abet another person in brandishing the firearm and that you were . . . I guess it's aiding and abetting. Is that correct?

Government: It's charged under both 18 U.S.C., aiding and abetting, and we specifically put in there a reference to a Pinkerton reasonably foreseeable period in the count. No, he wasn't personally present, but he did aid and abet, command, induce, or order **such robbery** to occur.

Espudo: In that respect, yes, I'm guilty of that, what he just said.

(Dkt. No. 1090 at 6-8 (emphasis added).)

Petitioner argues that the inconsistent references to Count 2 as a crime of violence instead of both a crime of violence and a drug trafficking crime establish that the record is not clear whether Espudo's conviction rested on acts involving drug trafficking. While Petitioner's argument is compelling, Espudo agreed that the brandishing a firearm not only related to the robbery but also to the drug trafficking offense.

Espudo also notes that the factual basis for Count 12 only addressed the underlying robbery and not drug-trafficking offense. (Id. at 28-29.)

Court: Is it true that on November 16th, 2011, you directed various associates to **rob** a drug dealer that had failed to pay tax money to you on behalf of the enterprise, which included the brandishing of a shotgun? Is that true?

Espudo: Yes.

Court: And the **robbery** was directed by you and accomplished with the assistance of, by you, with your assistance.

Espudo: I was not present, Ma'am.

Court: You were not present, but it was foreseeable, based on your direction, that this person would go out and brandish the shotgun, I guess against another person.

Espudo: Yes.

Defense counsel: Yes.

- 12 - [12CR236]

|    |                                                                                  |
|----|----------------------------------------------------------------------------------|
| 1  | Court: Are you satisfied with that?                                              |
| 2  | Government: Yes.                                                                 |
| 3  | Court: As to (pause) – so that's the factual basis for all three counts.         |
| 4  | Is that correct, Mr. Sheppard?                                                   |
| 5  | Government: That is the factual basis.                                           |

(Id. at 28-29 (emphasis added).)

Espudo argues that since the factual basis for Count 12 cited above addressed robbery only, and not a drug-trafficking crime, it is reasonable to conclude that he was not convicted for both predicate offenses under § 924(c). Espudo selectively points to parts of the colloquy that support his position without consideration of the entire content of the discussion. Prior to the above cited portion of the colloquy, there was much discussion concerning the factual bases for Counts 1 and 2. Even Espudo recognizes that there was a "long and, at times, contentious discussion about the factual bases for Counts 1 and 2. Likely because of this, the district court judge did not specifically state when she was transitioning to the factual basis for the § 924(c) count . . . ." (Dkt. No. 2047 at 5.) In reviewing the factual bases for the counts, the facts supporting the RICO conspiracy and the conspiracy to distribute a controlled substance are interrelated. The drug offense was based on the facts that Espudo demanded tax payments from drug dealers, directed drug dealers to set the prices to sell the drugs, and ensured that customers would not purchase drugs from drug dealers not operating with him. (Id. at 19-23, 28.) Brandishing a firearm conviction involved Espudo directing various associates to rob, by brandishing a shotgun, a drug dealer that failed to pay tax money to Espudo, which relates to the drug trafficking charge. (Id. at 28-29.) Espudo's citation to the colloquy only addressing robbery to support his position is not convincing.

At the end of the plea colloquy and prior to the Court accepting his guilty plea, Espudo confirmed that Count 12 was based on both the RICO conspiracy and a drug trafficking crime.

> Court: And finally, as to count 12, the Government would have to prove beyond a reasonable doubt that you knowingly engaged in violation of 18 U.S.C. Section 1962(d), that is, the Racketeering Conspiracy; that such a violation is a crime of violence, that is, engaging in that racketeering activity; and that you knowingly aided and abetted another individual in brandishing a firearm as part of the commission of a racketeering conspiracy involving the offense of extortion, robbery, and distribution of controlled substances, a violation of 18 U.S.C. Section 1962(d), a crime of violence and a drug-trafficking crime, as well as conspiracy to distribute controlled substance, a controlled substance, a drug-trafficking crime, in violation of 21 U.S.C. Section 841, 846.
>
> Do you understand the Government would have to prove that beyond a reasonable doubt?
>
> Espudo: Yes.

(Id. at 31-32.)

While there were inconsistencies in asserting the underlying bases of the § 924(c) charge, Espudo did not dispute the two underlying charges to support the § 924(c) conviction as he did with other aspects of his guilty plea as presented in the plea colloquy. The transcript shows that Espudo was very engaged throughout the hearing and cognizant of the facts that supported the legal elements of his charges. For example, when the elements of Count 12 were read by the Court, he questioned whether the charge read meant he was personally present and brandished a firearm or that it was foreseeable that another person would brandish a firearm. (Id. at 7-8.) He also clarified facts to support the count for aiding and abetting in the distribution of controlled substances and made comments throughout the hearing. (Id. at 19-24, 27.) When Count 12 was read to him, he did not question the two predicate offenses, and instead assented to them. (Id. at 31-32.)

Therefore, while the Court recognizes that the Court and the prosecution referenced only a crime of violence concerning Count 12, when the plea colloquy is read in context, and when considered with the related court documents, it is plain that Espudo's § 924(c) conviction rested on both the RICO conspiracy and the drug-trafficking offenses. Because Espudo was convicted of § 924(c) based on a drug-trafficking crime, he would necessarily have been subject to the mandatory enhanced

sentence under § 924(c).

Petitioners further argue that even if the record was clear, it is questionable whether a § 924(c) conviction may legally rest upon more than one count as the § 924(c) count charged two separate offenses and is impermissibly duplicitous citing to United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010) where the court stated, "[d]uplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." Contrary to the facts in Robinson, in this case both Petitioners pleaded guilty so there was no risk of any jury confusion, and Robinson does not support their position.

Therefore, the Court DENIES Petitioners Grado and Espudo's motions to vacate, set aside or correct sentence.

## E. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2255 Cases states, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although the Court denies Petitioners' petitions, the Court recognizes a reasonable jurists could find the Court's assessment of Petitioners' claims debatable. Thus, the Court GRANTS a certificate of appealability.

**Conclusion**

Based on the reasoning above, the Court DENIES Petitioners' motions to vacate,

set aside or correct sentence pursuant to 28 U.S.C § 2255.[10] The Court also GRANTS Petitioners a certificate of appealability.

IT IS SO ORDERED.

DATED: May 3, 2017

HON. GONZALO P. CURIEL
United States District Judge

---

[10] Based on the Court's ruling, it need not address the government's request for a stay and additional arguments that Petitioners procedurally defaulted on their challenge to § 924(c)(3)(B) and that they waived their right to collaterally attack their sentences.