UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GRADO,<br><br>                            Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | Case Nos.: 20-cv-1442-GPC;<br>                12-cr-0236-GPC<br><br>**JUDGMENT AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>**[ECF No. 1]** |

## INTRODUCTION

On July 8, 2020, Petitioner Miguel Grado, proceeding pro se, filed a second petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"). Petition, ECF No. 1. According to Petitioner, his conviction and sentence are now invalid based on a recent Supreme Court decision that ruled the statute underlying Petitioner's conviction and sentence to be unconstitutionally void for vagueness. *United States v. Davis*, 139 S. Ct. 2319, 2335–36 (2019). On September 19, 2020, the Government filed a Response claiming the Petition should be denied because (1) Petitioner's conviction is not affected by *Davis*, and (2) Petitioner "failed to apply for,

1

and receive, authorization from the Ninth Circuit Court of Appeals to file a second or successive petition as required by § 2255(h)." Response, *United States v. Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. Sept. 16, 2020), Dkt. No. 2297 at 2.  Petitioner did not file a Reply.  For the reasons discussed below, this Court **DENIES** the Petition.

## BACKGROUND

On October 28, 2013, Petitioner pled guilty to: Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (count 1); Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841 and 846 (count 2); Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count 8); and Discharge of a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count 11).  Judgment, *Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. Oct. 28, 2013), Dkt. No. 1585 at 1.  Petitioner was sentenced to be imprisoned for 175 months as to counts 1, 2, and 8 to run concurrently and 120 months as to count 11 to run consecutive to all other counts for a total of 295 months.  *Id.*

On June 8, 2016, Petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 576 U.S. 591 (2015).  Am. Mot. to Vacate, *Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. June 8, 2016), Dkt. No. 1970.  The Court denied the petition, concluding that Petitioner was not entitled to relief under *Johnson*.  Order, *Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. May 3, 2017), Dkt. No. 2055.  Petitioner appealed, and the U.S. Court of Appeals for the Ninth Circuit affirmed the Court's decision.  *United States v. Espudo*, 768 F. App'x 623 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 282 (2019), *and cert. denied sub nom. Grado v. United States*, 140 S. Ct. 331 (2019).

On July 8, 2020, Petitioner filed the instant Petition, arguing that his offenses are not "crimes of violence" under *Johnson* and the newly decided *United States v. Davis*,

1  139 S. Ct. 2319 (2019).  ECF No. 1 at 3, 4.  Specifically, Petitioner alleges that he was
2  convicted under the "conduct-based approach" of 18 U.S.C. § 924(c)(1)(A) and that this
3  has since been deemed unconstitutional and void for vagueness.  *Id.* at 4.  Petitioner
4  further claims his sentence predicated on this conviction should be vacated, set aside, or
5  corrected pursuant to 28 U.S.C. § 2255.  *Id.*

6  The United States contends that Petitioner's convictions were based on provisions
7  unaffected by the Supreme Court decisions.  Response, *Grado*, No. 12-CR-0236-GPC-4
8  (S.D. Cal. Sept. 16, 2020), Dkt. No. 2297 at 2.  The United States also claimed that
9  Petitioner failed to "apply for, and receive, authorization from the Ninth Circuit Court of
10 Appeals to file" the instant Petition.  *Id.*  According to the United States, such
11 authorization would be inappropriate anyways because this Petition is not based on new
12 factual discoveries or constitutional law that were previously unavailable.  *Id.*  Petitioner
13 did not file a Reply to the United States' Response.

## DISCUSSION

### I. Habeas Relief Under Section 2255

The Court may "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  To warrant relief under Section 2255, a petitioner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

In addition, a second or successive habeas petition must be certified as provided in Section 2244 by the appropriate court of appeals to contain new factual discoveries or

new and retroactively applicable constitutional law that would be dispositive to the case. *See* 28 U.S.C. § 2255(h).  In pertinent part, Section 2244 states that the petitioner must file the motion for the court of appeals to authorize the second or successive habeas petition, in which the court's decision on the authorization itself is not appealable.  *See* 28 U.S.C. § 2244(b)(3).

## II.  Application

Petitioner claims he is entitled to relief based on two Supreme Court cases, *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019).  *Johnson* held that the residual clause in 18 U.S.C. § 924(e)(2)(B) (defining "violent felony") is unconstitutionally vague, 576 U.S. at 597, which was later held to be a substantive rule that has retroactive effect on cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).  *Davis* held that the residual clause in 18 U.S.C. § 924(c)(3)(B) (defining "crime of violence") is unconstitutionally vague.  139 S.Ct. at 2336.  Hence, the Petition is predicated on the assertion that, because 18 U.S.C. § 924(c) has been invalidated under *Davis* and *Johnson*, Petitioner's sentence should be vacated on all counts.  *See id.* ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted." (quotation omitted)).

Despite these two Supreme Court cases, the Court agrees with the United States and concludes that Petitioner is not entitled to habeas relief under Section 2255 because the conviction was predicated on a different part of the statute (the part unaffected by *Johnson* or *Davis*) and the Petition is procedurally barred.[1]

---

[1] In addition, the Court notes that the Petition would be barred by the one-year statute of limitations, since Petitioner filed the instant Petition more than a year after *Davis* was decided on June 24, 2019.  *See* 28 U.S.C. § 2255(f)(3).  Even if equitable tolling is possible, this Petition does not meet the requirements for it because no part of the Petition

### A. Basis for Conviction

Petitioner is not entitled to relief because his conviction remains valid even after *Johnson* and *Davis*. *Johnson* only invalidated the residual clause defining "violent felony" in 18 U.S.C. § 924(e). 576 U.S. at 594. In denying Petitioner's first habeas petition, the Court discussed how Petitioner was convicted of 18 U.S.C. § 924(c) based on not just the "crime of violence" prong (which its residual clause could get implicated by *Johnson*) but the "drug trafficking crime" prong as well. Order, *Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. May 3, 2017), Dkt. No. 2055. Thus, regardless of whether the residual clause is now unconstitutional, the provision untouched by the Supreme Court remains a valid basis for Petitioner's conviction and sentencing.

The Ninth Circuit affirmed the Court's decision and rationale. *United States v. Espudo*, 768 F. App'x 623 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 282 (2019), *and cert. denied sub nom. Grado v. United States*, 140 S. Ct. 331 (2019). Specifically, *Espudo* denied Petitioner's request for habeas relief grounded in *Johnson*, claiming in part, that his § 924 conviction was "predicated on both a RICO conspiracy and a conspiracy to distribute controlled substances." *Id.* at 625. The Ninth Circuit noted that Petitioner admitted he was a member of the "Diablos Gang," distributed and possessed methamphetamine, and "either shot [another drug dealer] or aided and abetted his coconspirator in shooting [the other drug dealer]." *Id.* at 625–26. Petitioner's "§ 924 conviction was therefore . . . based on both a crime of violence and a drug trafficking crime." *Id.* at 626. Petitioner's conviction did not implicate the residual clause of § 924 (unconstitutional by *Johnson*) and therefore the conviction was "legally permissible." *Id.*

Petitioner invokes *Davis* as "new" grounds for invalidating his conviction, but *Davis* does not change the fact that Petitioner was convicted in part based on the "drug

---

demonstrates extraordinary circumstances that made it impossible to file a timely habeas petition. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).

trafficking crime" provision in § 924(c), which again remains good law. All *Davis* does is extend *Johnson*'s rationale and invalidate a similar residual clause in defining "crime of violence" under § 924(c). *See* 139 S.Ct. at 2336. So long as the Court needed not rely on the "crime of violence" prong of the statute and convicted/sentenced Petitioner based on the "drug trafficking crime" prong, whether the definition of "crime of violence" is now unconstitutional is irrelevant. *See Espudo*, 768 Fed. App'x. at 625–26.

### B. Ninth Circuit Authorization

Petitioner also has failed to meet the requirements of 28 U.S.C. §§ 2255(h) and 2244(b)(3), in which the latter provision states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). As previously discussed, Petitioner already filed a Section 2255 petition seeking vacatur of his conviction pursuant to *Johnson*, and the Court denied it. Order, *Grado*, No. 12-CR-0236-GPC-4 (S.D. Cal. May 3, 2017), Dkt. No. 2055. Petitioner appealed, and the U.S. Court of Appeals for the Ninth Circuit affirmed Petitioner's convictions. *See Espudo*, 768 Fed. App'x. 623.

Thus, the instant Petition would be a second habeas petition. Yet no part of the record indicates that Petitioner sought authorization to file a second or successive habeas petition, which contravenes the requirements under 28 U.S.C. § 2255(h) or § 2244(b)(3). In such cases, the court must deny the second petition. *See, e.g.*, *Martinez-Perez v. United States*, No. 3:14-CR-00106-GPC-1, 2017 WL 3896698, at *2 (S.D. Cal. Sept. 6, 2017) (citing *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011)).

Nor is it likely that Petitioner would be authorized to file a second successive Petition anyway because, as previously mentioned, Petitioner is not entitled to relief under *Davis* and Petitioner has not argued that a newly discovered evidence would

change the disposition of his case. *See* 28 U.S.C. § 2255(h). Accordingly, the Petition is procedurally barred.

## **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal the denial of a Section 2255 habeas relief unless he first receives a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court therefore sua sponte **DENIES** Petitioner a certificate of appealability.

## **CONCLUSION**

The Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: November 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge